Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs Axsome Malta Ltd.
and Axsome Therapeutics, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AXSOME MALTA LTD. and AXSOME THERAPEUTICS, INC.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**AUROBINDO PHARMA USA, INC. and AUROBINDO PHARMA LIMITED,**<br><br>**Defendants.** | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs Axsome Malta Ltd. and Axsome Therapeutics, Inc. (together, "Axsome"), by their undersigned attorneys, for their Complaint against defendants Aurobindo Pharma USA, Inc. and Aurobindo Pharma Limited (together, "Defendants" or "Aurobindo"), allege as follows:

**Nature of the Action**

1.  This complaint is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §100, *et seq.*, arising from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 218725 ("Aurobindo's ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market generic versions of Axsome's solriamfetol oral tablets drug products prior to the expiration of United

States Patent No. 12,384,743 ("the '743 patent"). Axsome is the owner of the '743 patent.

## The Parties

2. Plaintiff Axsome is a biopharmaceutical company focused on developing novel therapies for central nervous system ("CNS") conditions that have limited treatment options. One such therapy, Sunosi® (solriamfetol) oral tablets, is a dopamine and norepinephrine reuptake inhibitor ("DNRI") indicated to improve wakefulness in adult patients with excessive daytime sleepiness associated with narcolepsy or obstructive sleep apnea.

3. Axsome Malta Ltd. is a corporation organized and existing under the laws of the Republic of Malta, having its principal place of business at Pinto Business Centre, Level 4, Office 4, Mill Street, Qormi, Triq il-Mithna Hal, Malta, QRM 3104.

4. Axsome Therapeutics, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at One World Trade Center, 29th Floor, New York, New York 10007.

5. On information and belief, Defendant Aurobindo Pharma USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

6. On information and belief, Defendant Aurobindo Pharma Limited is a corporation organized and existing under the laws of India, having a principal place of business at Galaxy Floors: 22-24, Plot No. 1, Survey No. 83/1, Hyderabad Knowledge City, Raidurg Panmaktha, Rangareddy District, Hyderabad, Telangana, India, 500032.

7. On information and belief, Defendants are pharmaceutical companies that formulate, manufacture, package, and market generic drug products for distribution in the District of New Jersey and throughout the United States.

## The '743 Patent

8. On August 12, 2025, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '743 patent, entitled, "Compositions comprising (R)-2-amino-3-phenylpropyl carbamate and uses thereof." The face of the '743 patent identifies Fionn Hurley as the inventor. A copy of the '743 patent is attached hereto as Exhibit A.

## The Sunosi® Drug Product

9. Axsome holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for solriamfetol oral tablets, Eq. 75 mg base and Eq. 150 mg base ("NDA No. 211230"), which is sold under the trademark Sunosi®. Sunosi® is a DNRI indicated to improve wakefulness in adult patients with excessive daytime sleepiness associated with narcolepsy or obstructive sleep apnea. The claims of the '743 patent cover, *inter alia*, solid forms of solriamfetol, compositions containing solid forms of solriamfetol, and methods of using compositions containing solid forms of solriamfetol to improve wakefulness in adult patients with excessive daytime sleepiness associated with narcolepsy or obstructive sleep apnea.

10. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the '743 patent is listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Sunosi®.

## Jurisdiction and Venue

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

12. As set forth below, the Court has personal jurisdiction over both Aurobindo Pharma USA, Inc. and Aurobindo Pharma Limited by virtue of, *inter alia*, their systematic and continuous contacts with the State of New Jersey.

13. On information and belief, Aurobindo purposefully has conducted and continues to conduct business in this Judicial District.

14. On information and belief, Aurobindo is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

15. On information and belief, this Judicial District will be a destination for the generic version of Axsome's solriamfetol oral tablets drug products for which Aurobindo seeks FDA approval to manufacture, market, import, offer for sale, and/or sell pursuant to ANDA No. 218725 ("Aurobindo's Proposed Product").

16. This Court has personal jurisdiction over Aurobindo Pharma Limited because, *inter alia*, it: (1) has purposefully availed itself of the privilege of doing business in the State of New Jersey, including directly or indirectly through its subsidiary, agent, and/or alter ego, Aurobindo Pharma USA, Inc., a company with a regular and established physical place of business in New Jersey; and (2) maintains extensive and systematic contacts with the State of New Jersey, including through the marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey including through, directly or indirectly, Aurobindo Pharma USA, Inc.

17. This Court has personal jurisdiction over Aurobindo Pharma USA, Inc. because, *inter alia*, on information and belief, Aurobindo maintains a regular and established, physical place of business at 279 Princeton Hightstown Road, East Windsor, New Jersey 08520.

18. On information and belief, Aurobindo Pharma USA, Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100921223.

19. On information and belief, Aurobindo Pharma USA, Inc. will work in concert with Aurobindo Pharma Limited toward the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products, including Aurobindo's Proposed Product, throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the '743 patent.

20. Aurobindo has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA submissions and has filed counterclaims in such cases. *See, e.g.*, *Theravance Biopharma R&D IP, LLC, et al. v. Eugia Pharma Specialities Limited, et al.*, Civil Action No. 1:23-cv-00926 (Aurobindo Pharma USA, Inc., Aurobindo Pharma Limited); *Forest Lab'ys, LLC, et al. v. Aurobindo Pharma USA, Inc., et al.*, Civil Action No. 2:17-cv-11679 (Aurobindo Pharma USA, Inc., Aurobindo Pharma Limited); *Boehringer Ingelheim Pharms., Inc., et al. v. Aurobindo Pharma USA, Inc., et al.*, Civil Action No. 3:17-cv-07887 (Aurobindo Pharma USA, Inc.); *Mitsubishi Tanabe Pharma Corp., et al. v. Aurobindo Pharma USA, Inc., et al.*, Civil Action No. 1:17-cv-05005 (Aurobindo Pharma USA, Inc.). Aurobindo has purposefully availed itself of the rights, benefits, and privileges of New Jersey by asserting counterclaims in this Court.

21. Aurobindo consented to personal jurisdiction in this Court in related actions *Axsome Malta Ltd., et al v. Alkem Laboratories Ltd., et al.*, Civil Action No. 23-20354 (SRC)(LDW)(D.N.J.) (consolidated), *Axsome Malta Ltd., et al. v. Alkem Lab'ys Ltd., et al.*,

Civil Action No. 24-10617 (SRC)(LDW) (D.N.J.) (consolidated), and *Axsome Malta Ltd., et al. v. Aurobindo Pharma USA., et al.*, Civil Action No. 25-17592 (SRC)(LDW) (D.N.J.).

22. In the alternative, this Court has personal jurisdiction over Aurobindo Pharma Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Axsome's claims arise under federal law; (b) Aurobindo Pharma Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Aurobindo Pharma Limited has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Aurobindo Pharma Limited satisfies due process.

23. At least because, on information and belief, Aurobindo Pharma Limited is a foreign company, venue is proper in this Judicial District with respect to Aurobindo Pharma Limited pursuant to 28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1400(b). Also, for at least the reasons set forth above in Paragraphs 13-21, venue is proper in this Judicial District with respect to Aurobindo Pharma USA, Inc. pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

### Acts Giving Rise To This Suit

24. Pursuant to Section 505 of the FFDCA, Aurobindo submitted ANDA No. 218725 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of Aurobindo's Proposed Product, before the '743 patent expires.

25. On information and belief, following FDA approval of Aurobindo's ANDA, Aurobindo will make, use, offer to sell, or sell Aurobindo's Proposed Product throughout the United States, or import such a generic product into the United States.

26.     On information and belief, in connection with the submission of its ANDA as described above, Aurobindo provided written certifications to the FDA, as called for by Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Aurobindo's Paragraph IV Certifications"), alleging, *inter alia*, that the claims of United States Patent Nos. 8,440,715, 10,195,151, 10,512,609, 10,959,976, 11,160,779, 11,439,597, 11,560,354, 11,648,232, 11,771,666, 11,771,667, 11,779,554, 11,793,776, 11,839,598, 11,850,226, 11,850,227, 11,850,228, 11,857,528, 11,865,098, 11,872,203, 11,872,204, 11,969,404, 11,986,454, 11,986,455, 11,998,639, 12,005,036, 12,036,194, 12,064,411, 12,090,126, 12,102,609, 12,194,016, 12,263,145, 12,318,362, 12,390,419, and the '743 patent are invalid and/or will not be infringed by the activities described in Aurobindo's ANDA.

27.     Aurobindo previously provided written notice to Axsome of its Paragraph IV Certifications concerning United States Patent Nos. 8,440,715, 10,195,151, 10,512,609, 10,959,976, 11,160,779, 11,439,597, 11,560,354, 11,648,232, 11,771,666, 11,771,667, 11,779,554, 11,793,776, 11,839,598, 11,850,226, 11,850,227, 11,850,228, 11,857,528, 11,872,203, 11,872,204, 11,865,098, 11,969,404, 11,986,454, 11,986,455, 11,998,639, 12,005,036, 12,036,194, 12,064,411, 12,090,126, 12,102,609, 12,194,016, 12,263,145, 12,318,362, and 12,390,419.  Those patents are currently in suit in currently-pending actions *Axsome Malta Ltd., et al. v. Alkem Lab'ys Ltd., et al.*, Civil Action No. 23-20354 (SRC)(LDW) (D.N.J.) (consolidated), *Axsome Malta Ltd., et al. v. Alkem Lab'ys Ltd., et al.*, Civil Action No. 24-10617 (SRC)(LDW) (D.N.J.) (consolidated), and *Axsome Malta Ltd., et al. v. Aurobindo Pharma USA, Inc., et al.*, Civil Action No. 25-17592 (SRC)(LDW) (D.N.J.).

28.     Aurobindo has now provided written notice to Axsome of its Paragraph IV Certification concerning the '743 patent alleging that the claims of the '743 patent are invalid

and/or will not be infringed by the activities described in Aurobindo's ANDA and that Aurobindo seeks approval to market Aurobindo's Proposed Product before the expiration of the '743 patent.

## Count I: Infringement of the '743 Patent

29. Axsome repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

30. Aurobindo's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Aurobindo's Proposed Product, prior to the expiration of the '743 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

31. A justiciable controversy exists between Axsome and Aurobindo as to the infringement of the '743 patent.

32. Unless enjoined by this Court, upon FDA approval of Aurobindo's ANDA, Aurobindo will infringe one or more claims of the '743 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Aurobindo's Proposed Product in the United States.

33. Unless enjoined by this Court, upon FDA approval of Aurobindo's ANDA, Aurobindo will induce infringement of one or more claims of the '743 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Aurobindo's Proposed Product in the United States. On information and belief, upon FDA approval of Aurobindo's ANDA, Aurobindo will intentionally encourage acts of direct infringement with knowledge of the '743 patent and knowledge that its acts are encouraging infringement.

34. Unless enjoined by this Court, upon FDA approval of Aurobindo's ANDA, Aurobindo will contributorily infringe one or more claims of the '743 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Aurobindo's Proposed Product in the United States. On information and belief, Aurobindo knew and knows that Aurobindo's Proposed Product is designed for a use that infringes one or more claims of the '743 patent, and Aurobindo's Proposed Product lacks a substantial non-infringing use.

35. Failure to enjoin Aurobindo's infringement of the '743 patent will substantially and irreparably damage and harm Axsome.

36. Axsome does not have an adequate remedy at law.

37. This case is an exceptional one, and Axsome is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Axsome respectfully requests the following relief:

(A) A Judgment that Aurobindo infringed one or more claims of the '743 patent by submitting ANDA No. 218725;

(B) A Judgment that Aurobindo has infringed, and that Aurobindo's making, using, offering to sell, selling, or importing Aurobindo's Proposed Product will infringe one or more claims of the '743 patent;

(C) An Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of FDA approval of ANDA No. 218725 be a date no earlier than the expiration of the '743 patent, or any later expiration of exclusivity to which Axsome is or becomes entitled;

(D) Preliminary and permanent injunctions enjoining Aurobindo and its officers, agents, attorneys and employees, and those acting in privity and/or concert with them, from

making, using, offering to sell, selling, or importing Aurobindo's Proposed Product until after the expiration of the '743 patent, or any later expiration of exclusivity to which Axsome is or becomes entitled;

(E) A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Aurobindo, its officers, agents, attorneys and employees, and those acting in privity and/or concert with them, from practicing any solid form, composition, or method claimed in the '743 patent, or from actively inducing or contributing to the infringement of any claim of the '743 patent, until after the expiration of the '743 patent, or any later expiration of exclusivity to which Axsome is or becomes entitled;

(F) A Judgment that the manufacture, use, importation into the United States, offer for sale, and/or sale of Aurobindo's Proposed Product will directly infringe, induce and/or contribute to infringement of one or more claims of the '743 patent;

(G) To the extent that Aurobindo has committed any acts with respect to the solid forms, compositions, or methods claimed in the '743 patent a Judgment awarding Axsome damages for such acts;

(H) If Aurobindo engages in the manufacture, use, importation into the United States, offer for sale, and/or sale of Aurobindo's Proposed Product prior to the expiration of the '743 patent, a Judgment awarding damages to Axsome resulting from such infringement, together with interest;

(I) A Judgment declaring that the '743 patent remain valid and enforceable;

(J) A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Axsome its attorneys' fees, costs, and expenses incurred in this action; and

(K) Such further and other relief as this Court may deem just and proper.

Dated: February 18, 2026

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Gabriel P. Brier
Frank C. Calvosa
Abigail E. DeMasi
Shira M. Bergman
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
295 5th Avenue
New York, New York  10016
(212) 849-7000

Akilesh Shastri
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C.  20004
(202) 538-8000

Alexandra Kim
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA  02199
(617) 712-7100

By:  s/ Charles M. Lizza
 Charles M. Lizza
 Sarah A. Sullivan
 Alexander L. Callo
 SAUL EWING LLP
 One Riverfront Plaza, Suite 1520
 Newark, New Jersey  07102-5426
 (973) 286-6700
 clizza@saul.com

 *Attorneys for Plaintiffs*
 *Axsome Malta Ltd. and*
 *Axsome Therapeutics, Inc.*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matters captioned *Axsome Malta Ltd., et al. v. Alkem Lab'ys Ltd., et al.*, Civil Action No. 23-20354 (SRC)(LDW) (D.N.J.) (consolidated), *Axsome Malta Ltd., et al. v. Alkem Lab'ys Ltd., et al.*, Civil Action No. 24-10617 (SRC)(LDW) (D.N.J.) (consolidated), *Axsome Malta Ltd., et al. v. Alkem Lab'ys Ltd.*, Civil Action No. 25-14694 (SRC)(LDW) (D.N.J.), *Axsome Malta Ltd., et al. v. Alkem Lab'ys Ltd.*, Civil Action No. 25-17395 (SRC)(LDW) (D.N.J.), and *Axsome Malta Ltd., et al. v. Aurobindo Pharma USA, Inc., et al.*, Civil Action No. 25-17592 (SRC)(LDW) (D.N.J.) are related to the matter in controversy because the matter in controversy involves the same plaintiffs and some of the same defendants, and because Defendants are seeking FDA approval to market a generic version of the same pharmaceutical product.

Dated: February 18, 2026

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Gabriel P. Brier
Frank C. Calvosa
Abigail E. DeMasi
Shira M. Bergman
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
295 5th Avenue
New York, New York  10016
(212) 849-7000

Akilesh Shastri
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 13th Street NW, Suite 600
Washington, D.C.  20004
(202) 538-8000

Alexandra Kim
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA  02199
(617) 712-7100

By:  s/ Charles M. Lizza
 Charles M. Lizza
 Sarah A. Sullivan
 Alexander L. Callo
 SAUL EWING LLP
 One Riverfront Plaza, Suite 1520
 Newark, New Jersey  07102-5426
 (973) 286-6700
 clizza@saul.com

*Attorneys for Plaintiffs*
*Axsome Malta Ltd. and*
*Axsome Therapeutics, Inc.*